IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD G. STINSON, | ) | No. C 06-3585 MMC (PR) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE** |
| v. | ) ) | |
| D.K. SISTO, Warden, | ) ) | **(Docket Nos. 2, 4, 7, 15, & 17)** |
| Respondent. | ) ) | |
| _____ | ) | |

    On June 2, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 8, 2006, the court received his amended petition.[1] He has paid the filing fee.

## BACKGROUND

    In 2003, in the Superior Court of Alameda County, petitioner's probation was revoked, and he was sentenced to a term of three years in state prison. The California Court of Appeal affirmed and the Supreme Court of California denied the petition for review. A petition to the California Supreme Court raising the claims raised herein was denied.

## DISCUSSION

A.   <u>Initial Review</u>

    This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

---

[1] Petitioner is granted leave to file the amended petition, below. The amended petition supersedes the original petition. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Hereinafter, the amended petition will be referred to as "the petition."

Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

The claims in the petition, when liberally construed, set forth a cognizable basis for federal habeas relief. Consequently, respondent will be ordered to show cause why the petition should not be granted.

B.   Motions

Petitioner has filed a "Motion to Vacate Judgment Due to State and Federal Constitutional Violations" and a "Motion for Safeguard of Constitutional Rights" in which he argues that his petition should be granted. Neither the Rules Governing Habeas Corpus Cases Under Section 2254 nor the Federal Rules of Civil Procedure authorize such motions. Petitioner shall raise any arguments he wishes to present in support of his petition, including, if he chooses, those arguments set forth in the above-referenced motions, in the traverse to respondent's answer, as ordered below.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.   Leave to file the amended petition is GRANTED.

2.   Petitioner's "Motion to Vacate Judgment Due to State and Federal Constitutional Violations" and "Motion for Safeguard of Constitutional Rights" are DENIED.

3.   The Clerk of the Court shall serve by certified mail a copy of this order, the amended petition and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

4.    Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims in the amended petition. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

5.    In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

6.    Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

7.    It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8.    In light of his lack of funds, plaintiff's motion to proceed in forma pauperis is GRANTED.

This order terminates Docket Nos. 2, 4, 7, 15 and 17 and any other pending motions.

IT IS SO ORDERED.

DATED: December 11, 2006

MAXINE M. CHESNEY
United States District Judge