IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD G. STINSON,<br><br>    Petitioner,<br><br>  v.<br><br>D.K. SISTO, Warden,<br><br>    Respondent.<br>_____ | No. C 06-3585 MMC (PR)<br><br>**ORDER DISMISSING PETITION AS MOOT** |

On August 8, 2006, petitioner, a California prisoner then incarcerated at Solano State Prison and proceeding pro se, filed an amended petition in the above-titled habeas corpus action, alleging that the revocation of his probation, on October 27, 2003, and the three-year sentence imposed by the trial court as a result thereof, violated his federal constitutional rights. He sought release from custody. Thereafter, the Court ordered respondent to show cause why the petition should not be granted based on the claims in the petition. Respondent filed an answer to the petition; petitioner did not file a traverse, although he was granted two extensions of time and more than five months in which to do so.

As of the date he filed the amended petition, petitioner has notified the Court of several address changes, the most recent to a street address in Oakland, California. (Docket No. 42, filed Jan. 27, 2009.) In view of the fact that such information indicates petitioner no longer is incarcerated as a result of the underlying three-year probation revocation term he challenges herein, the Court, by order filed June 8, 2009, directed petitioner to show cause why the petition should not be dismissed as moot. Specifically, the Court informed petitioner

as follows:

> Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quotation and citation omitted).
>
> "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Id. Once the convict's sentence expires, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained and not considered moot. Id. Courts may presume that a criminal conviction has continuing collateral consequences. See id. at 8-12. This presumption does not extend to other contexts, however. See id. at 12-13. For example, if the term imposed for a violation of parole has been served, a petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist. Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). The potential for detriment in a future parole or sentencing proceeding, impeachment in future court proceedings, or use against the petitioner if he appears as a defendant in a future criminal proceeding are not sufficient to constitute collateral consequences. See Spencer, 523 U.S. at 14-16.
>
> Here, the petition may be subject to dismissal as moot if petitioner no longer is serving the sentence imposed when probation was revoked. See United States v. Tapia-Marquez, 361 F.3d 535, 537 (9th Cir. 2004) (holding petitioner's release from custody moots pending challenge to sentence imposed upon revocation of supervised release). Consequently, petitioner must demonstrate that continuing collateral consequences actually exist in order to avoid a finding that the petition is moot. See United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999) (holding rationale of Spencer applies where petitioner seeks to challenge expired sentence rather than underlying criminal conviction).

(Order, filed June 8, 2009, at 2:3-3:3.)

On June 16, 2009, petitioner filed a response to the order to show cause. He argues that the petition should not be dismissed as moot because his constitutional rights were violated by the wrongful revocation of his probation. On July 28, 2009, respondent filed a reply to petitioner's response, arguing that petitioner has not established the petition is not moot in that he simply reasserts his claims challenging the validity of his probation revocation, and does not demonstrate continuing collateral consequences from such revocation now that his sentence has expired. The Court agrees. Petitioner has failed to

show the instant petition, which challenges a three-year probation revocation term that is now expired, has not been rendered moot. Accordingly, as there remains no ongoing case or controversy in the instant action, the petition is hereby DISMISSED as moot.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 3, 2009

_____
MAXINE M. CHESNEY
United States District Judge