1
2
3
4
5
6
7
8
9   IN THE UNITED STATES DISTRICT COURT
10   FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12  EDWARD G. STINSON,                 )   No. C 06-3585 MMC (PR)
                                       )
         Petitioner,                   )   Ninth Circuit Case No. 09-16950
                                       )
      v.                               )   **ORDER DENYING CERTIFICATE**
                                       )   **OF APPEALABILITY; DIRECTING**
    D.K. SISTO, Warden,                )   **CLERK TO FORWARD FILE TO**
                                       )   **NINTH CIRCUIT**
         Respondent.                   )
    _____    )   **(Docket No. 49)**

17      On August 8, 2006, petitioner, a California prisoner then incarcerated at Solano State
18  Prison and proceeding pro se, filed an amended petition in the above-titled habeas corpus
19  action, alleging that the revocation of his probation, on October 27, 2003, and the three-year
20  sentence imposed by the trial court as a result thereof, violated his federal constitutional
21  rights. He sought release from custody. Thereafter, the Court ordered respondent to show
22  cause why the petition should not be granted based on the claims in the petition. On
23  February 22, 2007, respondent filed an answer to the petition; petitioner did not file a
24  traverse, although he was granted two extensions of time and more than five months in which
25  to do so.
26      Following respondent's filing of the answer to the petition, petitioner, on six separate
27  occasions, notified the Court of changes to his address. The most recent notification, filed
28  January 27, 2009, provided a street address in Oakland, California. (See Docket No. 42.) In

view of the fact that such information indicated petitioner no longer was incarcerated as a result of the underlying three-year probation revocation term he challenged in the petition, the Court, by order filed June 8, 2009, directed petitioner to show cause why the petition should not be dismissed as moot. Specifically, the Court informed petitioner that in order to avoid dismissal he must show that he continued to suffer collateral consequences from the expired three-year probation revocation term. (See Order filed June 8, 2009 at 2:3-3:3); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that once prisoner's sentence expires, some concrete and continuing injury other than now completed incarceration or parole, i.e., some "collateral consequence" of the conviction, must exist if habeas petition is not to be considered moot); see also United States v. Tapia-Marquez, 361 F.3d 535, 537 (9th Cir. 2004) (holding petitioner's release from custody moots pending challenge to sentence imposed upon revocation of supervised release); United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999) (holding rationale of Spencer applies where petitioner seeks to challenge expired sentence rather than underlying criminal conviction).

Petitioner filed a timely response to the order to show cause, in which he argued that the petition should not be dismissed as moot because his constitutional rights were violated by the wrongful revocation of his probation. Thereafter, respondent filed a reply to petitioner's response, arguing that petitioner had not established the petition was not moot, in that petitioner had simply reasserted his claims challenging the validity of his probation revocation and had not demonstrated continuing collateral consequences from such revocation now that his sentence had expired. By order filed August 3, 2009, the Court concluded petitioner had failed to show the instant petition, which, as noted, challenges a three-year probation revocation term that is now expired, has not been rendered moot. Accordingly, as there remained no ongoing case or controversy in the instant action, the Court dismissed the petition as moot. (See Order filed Aug. 3, 2009 at 2:28-3:3.)

Thereafter, petitioner filed a notice of appeal in this court and, shortly thereafter, also filed a notice of appeal in the Ninth Circuit. The Ninth Circuit has remanded the notice of appeal, which has been construed as a request for a certificate of appealability, to be decided

1 by this Court in the first instance.[1]

2 Petitioner's notice of appeal, titled Request for Appeal Order, consists of the following statement:

> Petitioner request for appeal order, due to United States constitutional issues in this case action alone moot is not the case, this case action is not moot, Respondent failed and avoiding the constitutional issues that in this case action alone. This matter need to be review and examine by a high court that will deal with the issues of the United States Constitution and law, Petitioner suffer from, illegal and unlawfully imprisonment. Request an appeal to have issue review and examine.

(See Docket No. 49 at 1.)

The Court reads petitioner's Request for Appeal as a contention that he should be authorized to proceed on appeal because the petition should not have been dismissed as moot in view of petitioner's constitutional rights having been violated by the wrongful revocation of his probation. This is the same argument petitioner made in his response to the Court's order to show cause why the petition should not be dismissed as moot, which argument the Court rejected, as noted above.

Based on the foregoing, the Court concludes the petition was properly dismissed as moot and petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the request for a certificate of appealability is hereby DENIED.[2]

//
//
//

---

[1] A notice of appeal from the denial of a habeas petition must be construed as including a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

[2] Petitioner has not filed a request to proceed in forma pauperis on appeal and the Court makes no determination asto whether such status should be granted.

3

The Clerk shall forward this order, along with the case file, to the Ninth Circuit in accordance with the Ninth Circuit's Order of January 7, 2010.

This order terminates Docket No. 49.

IT IS SO ORDERED.

DATED: January 15, 2010

MAXINE M. CHESNEY
United States District Judge